**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Rodney L. Marshall,

Plaintiff

v.

State of Nevada, et al.,

Defendants

Case No.: 2:21-cv-00726-JAD-BNW

**Order Granting Preliminary Injunction**

[ECF No. 6]

Rodney L. Marshall brings this civil-rights action under 42 U.S.C. § 1983, alleging that Nevada Department of Corrections (NDOC) Medical Director Michael Minev[1] and NDOC Doctor Gregory Bryant violated his Eighth Amendment rights by delaying or denying him care for prostate cancer. Marshall moves for a preliminary injunction to require prison officials to promptly provide him with all necessary prostate-cancer testing and treatment. When I screened Marshall's complaint, I also ordered the parties to brief his preliminary-injunction motion. Having considered the merits of the motion and defendants' response, I find that Marshall has satisfied the demanding requirements set out by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.* to obtain injunctive relief, and the prison officials' failure to treat his diagnosed condition necessitates this court's intervention. So I grant his motion and order defendants to provide Marshall medically appropriate treatment without delay.

[1] Marshall's complaint incorrectly refers to the NDOC Medical Director as "Michael Meved." For the sake of clarity, I direct the Clerk of the Court to rename the defendant "Michael Meved" to "Michael Minev" in the caption and list of parties.

## Discussion[2]

A preliminary injunction is an "extraordinary" remedy "never awarded as of right."[3] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain injunctive relief, a plaintiff "must establish" a likelihood of success on the merits, a likelihood of "irreparable injury in the absence of preliminary relief, that the balance of equities tips in [the plaintiff's] favor, and that an injunction is in the public interest."[4] The Ninth Circuit recognizes an additional standard: if the "plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[5] "The third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry when the government opposes a preliminary injunction."[6]

Marshall's injunctive-relief request succeeds under either merits standard. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of an incarcerated person,[7] which is measured by both an objective and a subjective standard.[8] The objective prong requires "the plaintiff [to] show a serious medical need by demonstrating that failure to treat [his]

---

[2] The parties are familiar with the material facts of this case, so I do not repeat them here. *See* ECF No. 7 (screening order).

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008).

[4] *Id.* at 20 (emphasis added).

[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[6] *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021).

[7] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[8] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

condition could result in further significant injury . . . ."[9]  To establish the subjective prong, a plaintiff must establish that the prison official "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety . . . ."[10]  Deliberate indifference "may appear when prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[11]  "In deciding whether there has been deliberate indifference to an inmate's serious medical needs, [courts] need not defer to the judgment of prison doctors or administrators."[12]

      Marshall has sufficiently demonstrated, and defendants do not contest, that he has a serious medical need.  After October 2019 testing indicated that Marshall may have prostate cancer, Marshall received a biopsy in March 2020 and defendants alerted him to the results seven months later when he was officially diagnosed with the condition.[13]  At that time, the diagnosing doctor recommended treatment options including "surveillance, surgery[,] and radiation," which Marshall was to consider and finalize after a "first available" prostate-cancer follow-up appointment with that doctor and a "workup" with another.[14]  Marshall did not receive those follow-ups.  Instead, defendants sent him to a different doctor in March 2021, to whom they failed to provide Marshall's medical records.[15]  Because he lacked those records, the new doctor

---

[9] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[10] *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

[11] *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

[12] *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989).

[13] ECF No. 13 at 2; ECF No. 15-1 at 7–10.

[14] ECF No. 15-1 at 7–10.

[15] Defendants have not provided the court with any of Marshall's medical records following the scheduling of his March 2021 appointment, *id.*, but they do not contest the facts as Marshall presents them.  *See* ECF No. 13.  Further, defendants seem to be unsure about the medical

ordered more diagnostic testing and a new biopsy, further delaying any remediating treatment.[16] Despite numerous kites to various prison-medical-unit staff and their supervisors, Marshall has received no treatment since.[17] These facts are sufficient to show a likelihood of success on the merits in terms of the deliberate-indifference test's subjective prong, or at the very least, serious questions as to the same.

Turning to the remaining factors, defendants concede in their halfhearted response that prostate cancer, left untreated, risks significant irreparable injury to Marshall.[18] And their argument that the balance of equities weighs against injunctive relief because such relief would "undermine [their] efforts to address Marshall's medical condition" might work had they demonstrated that some treatment is being provided, but on these facts, is unpersuasive.[19] An injunction narrowly tailored to require defendants to provide Marshall with medically necessary care couldn't conceivably interfere with their efforts to provide that care—especially when they aren't currently providing it. Given the possibly fatal risk to Marshall if his cancer remains untreated, that balance tips overwhelmingly in his favor. And although it's in the public interest for correctional facilities to function without judicial micromanagement, when prison officials disregard an incarcerated person's constitutional rights to his immense detriment, court intervention becomes necessary. Indeed, the vindication of Eighth Amendment rights is

---

treatment Marshall received, couching many of their statements with "it appears" or "presumably." ECF No. 13 at 2. Their lack of certainty is disconcerting.

[16] ECF No. 1-1 at 4–5; ECF No. 6 at 10–18.

[17] ECF No. 6 at 10–18.

[18] Defendants' two-sentence response to the irreparable-injury inquiry includes a conditional "if Marshall indeed has prostate cancer." ECF No. 13 at 5. But Marshall's medical records conclusively show that he *has* prostate cancer. ECF No. 15-1 at 7.

[19] ECF No. 13 at 5.

"always" in the public's interest.[20] So I grant Marshall's request for a preliminary injunction and order the defendants to promptly treat his cancer.

**Conclusion**

IT IS THEREFORE ORDERED that Rodney L. Marshall's motion for a preliminary injunction **[ECF No. 6] is GRANTED**. Defendants are ordered to promptly provide all medically necessary treatment and testing for Marshall's prostate-cancer diagnosis. **Defendants must file a status report with this court by April 30, 2022, under seal, with a declaration demonstrating that Marshall is receiving medically necessary treatment for his cancer**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **RENAME defendant "Michael Meved" to "Michael Minev"** and **AMEND THE CAPTION** accordingly.

_______________________________
U.S. District Judge Jennifer A. Dorsey
March 24, 2022

[20] *Porretti*, 11 F.4th at 1050 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).