1  Patricia Lee (8287)
2  Shelby A. Dahl (13856)
   HUTCHISON & STEFFEN, PLLC
3  10080 W. Alta Dr., Suite 200
   Las Vegas, NV 89145
4  Telephone: (702) 385-2500
   Facsimile: (702) 385-2086
5  sdahl@hutchlegal.com

6  *Attorneys for Plaintiff*

7
                **UNITED STATES DISTRICT COURT**
8
                      **DISTRICT OF NEVADA**
9

10 RODNEY L. MARSHALL,                    Case No.: 2:21-cv-00726-JAD-BNW

11         Plaintiff,
                                          **PLAINTIFF'S MOTION TO EXTEND
12 v.                                     TIME TO SERVE DEFENDANT**

13 STATE OF NEVADA, *et al*

14         Defendant.

15

16      Rodney Marshall ("Plaintiff"), by and through his counsel of record, Hutchison &

17 Steffen, LLC, moves this Court for an order enlarging the time to which to serve the Summons

18 and Complaint on Defendant Dr. Gregory Bryan ("Defendant") (erroneously sued as "Dr.

19 Gregory Bryant").

20      Plaintiff's complaint seeks damages and injunctive relief against the Defendant for

21 deliberate indifference, in violation of Plaintiff's Eighth Amendment rights. Plaintiff was unable

22 to access Defendant's last known address to complete service because this address was filed

23 under seal with this Court. The Office of the Attorney General of Nevada has only recently

24 agreed to accept service on Defendant's behalf. Accordingly, Plaintiff moves this Court for an

25 order to extend the time to serve Defendant.

26

27      This motion is based on the following Points and Authorities, the Declaration of Shelby

28 A. Dahl filed concurrently, and the other pleadings and papers on file.

                                        1

**POINTS AND AUTHORITIES**

Federal Rule of Civil Procedure 4(m) requires a Plaintiff to serve a copy of the Summons and Complaint within 90 days of filing the Complaint. However, if service is not effectuated and "the plaintiff shows good cause for the failure, the court *must* extend time for service for an appropriate period." *Id.* (emphasis added). The 90-day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United* States, 517 U.S. 654, 661 (1996). A district court has broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). A district court may also extend time for service retroactively after the period has expired. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). *See also Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that the district court did not abuse its discretion in extending time to serve process even after the deadline to serve had passed).

To demonstrate good cause, a plaintiff may be required to demonstrate a) whether the party to be served personally received actual notice of the lawsuit; b) the defendant would not suffer prejudice; and c) plaintiff would be severely prejudiced if his complaint were dismissed. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). A plaintiff need not assert that the statute of limitations has expired or will soon expire in order to show severe prejudice. *See Tsai-Lu Shen v. Lacour*, No. 2:19-cv-01564-JAD-VCF, 2020 WL 9439142, at *2 (D. Nev. July 16, 2020) (finding good cause to extend time to serve because, while the statute of limitations had not yet expired, allowing the plaintiff additional time would save judicial resources).

If a court does not find good cause, the court still *may* extend time for service upon a showing of excusable neglect. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). *See also* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (stating that Rule

2

4(m) "authorizes the court to relieve a plaintiff of the consequences" of a violation of the time limit to serve "even if there is no good cause shown.").

Under Federal Rule of Civil Procedure 6(b)(1)(B), courts may extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an equitable standard, requiring courts to consider the totality of a circumstances surrounding a party's omission. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The factors courts use to analyze excusable neglect are "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

The instant action was commenced on June 7, 2021, and the 90-day period for service of the Summons and Complaint ended on November 15, 2021. *See* ECF No. 8; ECF No. 19 at 2:11-12. At the time Plaintiff filed his *pro se* Complaint, he did not have access to Defendant's last known address. *See* Exhibit 1, Declaration of Shelby A. Dahl. The Office of the Nevada Attorney General ("Attorney General") did not accept service on behalf of Defendant upon receipt of Plaintiff's Complaint. *See* ECF No. 25. Instead, the Attorney General filed a Notice stating that Defendant's address had been filed under seal. *See* ECF No. 26. At that time, Plaintiff was not represented by counsel, and never received access to Defendant's last known address. *See* Exhibit 1 at ¶¶9–11.

In April of 2022, attorney Shelby A. Dahl ("Ms. Dahl") began representing Plaintiff in this matter. *Id.* at ¶3. However, because Ms. Dahl had not yet begun representing Plaintiff at the time of the Attorney General's filing of Defendant's last known address under seal, she never

received access to Defendant's address. *Id.* at ¶11. This further stalled service of Plaintiff's Summons and Complaints. *Id.*

On May 17, 2022, Ms. Dahl contacted opposing counsel to inquire about the status of Defendant's last known address. *Id.* at ¶12; *see* Exhibit 2. On May 19, 2022, opposing counsel stated that he had not yet received a request for representation from Defendant and would reach out to see if Defendant wanted to request representation. *Id.* at ¶13. On June 22, 2022, opposing counsel stated that he could accept service on behalf of the Defendant. *Id.* at ¶14. Plaintiff needs an extension of the statutory 90-day deadline to accommodate opposing counsel's efforts to accept service on behalf of Defendant.

## I.     **This Court should grant Plaintiff's Motion to Extend Time to Serve.**

This Court should grant Plaintiff's Motion to Extend Time to Serve. Plaintiff has demonstrated good cause in his inability to complete service upon Defendant within the original 90 days. As a *pro se* plaintiff incarcerated in federal prison, Plaintiff lacked the resources to locate Defendant's last known address on his own. *See* Exhibit 1 at ¶10. Plaintiff's counsel, once attained, has was not able to attain access to Defendant's last known address, as the information is filed under seal. *Id.* at ¶11. However, Plaintiff's counsel diligently attempted to complete service by other means, including collaborating with opposing counsel to either complete service via proxy or arrange for the disclosure of Defendant's last known address. *Id.* at ¶¶12–14.

Plaintiff's attempts also satisfy the definition of good cause under *Boudette v. Barnette*, 923 F.2d 754 (9th Cir. 1991). First, the Notice of Under Seal Submission for Defendant's Address suggests that Defendant had actual notice of this lawsuit months ago. *See* ECF No. 27. Second, because no responsive pleadings have yet been filed, Defendant would not be prejudiced upon the Court's granting of this Motion. *See Holmes v. Andre Agassi Coll. Prep Acad.*, No.

4

2:12–cv–00273–KJD–VCF, 2012 WL 2838604, at *3 (D. Nev. July 10. 2012) (finding that defendants would not be prejudiced upon an extension of time to serve because no responsive pleadings have been filed). Third, Plaintiff would experience severe prejudice should this action be dismissed. Plaintiff has sufficiently pleaded that he has commenced this action to receive treatment for the cancer actively growing inside him. *See* ECF No. 8 at 9. Should this Court require Plaintiff to refile his claim against Defendant, Plaintiff will lose valuable time in his effort to seek the medical treatment he desperately needs.

Even if this did not constitute good cause, it is within this Court's authority and interest to retroactively extend Plaintiff's time to serve. "If good cause under Rule 4(m) is measured too restrictively," the court risks treating a good faith plaintiff too harshly. 4B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1137 (4th ed. 2022). The totality of the circumstances suggest that this Court would be acting equitably in extending time to serve. By granting Plaintiff's Motion to Extend Time to Serve, this Court would save judicial resources by not requiring Plaintiff to refile his claim. *See Tsai-Lu-Shen v. Lacour*, No. 2:19–cv–01564–JAD–VCF, 2020 WL 9439142, at *2 (D. Nev. July 16, 2020) (recognizing the conservation of judicial resources as justification to extend time to serve).

Finally, Plaintiffs' failure to file a motion to extend time for service prior to the deadline to serve expiring was the result of excusable neglect. The Office of the Attorney General did not state that it initially would not accept service on behalf of Defendant until September 8, 2021. *See* ECF No. 25. Plaintiff never received Defendant's last-known address, though Plaintiff diligently continued to litigate his case against the defendant who has been served in this case.

Therefore, this Court should grant Plaintiff's Motion regardless of its findings as to whether Plaintiff has demonstrated good cause. This Court should extend the time to serve to reasonably accommodate opposing counsel's efforts to accept service on behalf of Defendant.

5

**CONCLUSION**

Plaintiff and his counsel have shown good cause in their diligent efforts to arrange service to Defendant. Even if this Court were to not find good cause in the above circumstances, this Court would still conserve valuable judicial resources by granting Plaintiff's Motion. Therefore, this Court should grant Plaintiff's Motion and extend time to serve.

Dated this 1st day of July, 2022.

HUTCHISON & STEFFEN, PLLC

/s/ *Shelby A. Dahl*

Patricia Lee (8287)
Shelby A. Dahl (13856)

*Attorneys for Plaintiff*

**IT IS SO ORDERED**

**DATED:** 1:20 pm, July 05, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Hutchison & Steffen, PLLC and that on this 1st day of Jul7, 2022, I caused the above and foregoing document entitled **PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANT** to be served as followed by personally transmitting a copy of the same via the Court's CM/ECF internet system to their respective registered e-mail sites.

**Southern Desert Correctional Center**
Email: sdcclawlibrary@doc.nv.gov

**Chris William Davis**
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
702-486-9252
Email: cwdavis@ag.nv.gov
*Attorneys for Defendant Michael Minev*

                                           */s/ Suzanne Morehead*
_____
An employee of Hutchison & Steffen, PLLC